IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PURSEN, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>QVC, INC., GREAT INNOVATIONS, INC., and FOR LIFE PRODUCTS, INC.,<br><br>      Defendants. | CIVIL ACTION FILE<br><br>NO. 1:12-CV-03997-WSD<br><br>JURY TRIAL DEMANDED |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.    Description of Case:**

(a)    Describe briefly the nature of this action.

This is an action for patent infringement arising under 35 U.S.C. § 1 *et seq.*, including without limitation, 35 U.S.C. §§ 271.  This is also an action for trade dress infringement arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, including without limitation 15 U.S.C. § 1125(a), the Georgia Deceptive Trade Practices Act (O.C.G.A. § 10-1-370, *et seq.*), Georgia's statutory unfair competition law (O.C.G.A. § 23-2-55), and the Georgia common law of unfair competition, trade dress infringement, unjust enrichment, misappropriation and conversion.

(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

Plaintiff claims to be the owner of United States Patent No. 8,225,829 ("the '829 patent"), entitled "Transferrable Purse Organizer."  Since August 2008, Plaintiff alleges that it has sold Purse Organizers that embody the claims of the '829 patent ("the PurseN Organizers").  Plaintiff alleges further that the trade dress of the PurseN Organizer has acquired secondary meaning, and that it had acquired secondary meaning before Defendants entered the market with the Pursfection product (the "accused product"), which Plaintiff contends infringes upon the '829 patent and the PurseN trade dress.  Plaintiff alleges that Defendants were provided or otherwise had access to the PurseN Organizer and deliberately copied the design and trade dress of the PurseN Organizer in creating Defendants' accused product.  Plaintiff claims that Defendants' accused product infringes upon the '829 patent and the PurseN Trade Dress, and that Plaintiff is entitled to damages as a result.

Defendants have not yet filed pleadings responsive to Plaintiff's First Amended Complaint, but generally deny that the '829 patent is valid, enforceable or infringed, deny that Plaintiff's alleged trade dress is protectable and infringed, and deny liability to Plaintiff under any theory of relief.

2

(c) The legal issues to be tried are as follows:

(1) Alleged infringement (or noninfringement), validity (or invalidity) and enforceability (or unenforceability, including inequitable conduct) of the '829 patent;

(2) Alleged protectability of the PurseN trade dress;

(3) Alleged infringement of the PurseN trade dress;

(4) Defendants' equitable defenses including laches, equitable estoppel and acquiescence;

(5) Plaintiff's damages; and

(6) Plaintiff's request for injunctive relief.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:   None.

(2) Previously Adjudicated Related Cases:   None.

2. This case is complex because it possesses one or more of the features listed below (please check):

\_\_\_\_\_ (1) Unusually large number of parties
__X_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_\_\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_\_\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries

_____ (10)  Existence of highly technical issues and proof
_____ (11)  Unusually complex discovery of electronically stored information

Defendants contend the case is complex. Plaintiff disagrees with this contention.

**3.   Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

>   Daniel A. Kent
>     Georgia Bar Number 415110
>   KENT LAW, P.C.
>   555 N Point Ctr E Ste 400
>   Alpharetta, GA 30022
>   Tel:  (404) 585-4214
>   E-mail:  dan@kentiplit.com

Defendant:

>   Terry L. Clark
>     (pro hac vice motion to be filed)
>   BASS, BERRY & SIMS, PLC
>   1201 Pennsylvania Avenue NW, Suite 301
>   Washington, D.C. 20004
>   Tel: (202) 827-2951
>   Email: tclark@bassberry.com

**4.   Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes        __X___ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.   Parties to This Action:**

(a)   The following persons are necessary parties who have not been joined:

None.

(b)   The following persons are improperly joined as parties:

For Life Products, Inc. ("For Life") asserts that it has no involvement with the Pursfection product that could subject it to liability under any theory. For Life intends to present these issues to the Court by motion at the appropriate stage of proceedings. Based on present knowledge and information, the Plaintiff disputes For Life's assertion.

(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)   The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.   Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

The parties do not presently anticipate any further amendments to the pleadings, except as may be necessary to address facts learned during discovery.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.  These times are restated below.
All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).
(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
(b) Summary Judgment Motions:  within **thirty days after the close of expert discovery**, unless otherwise permitted by court order. Local Rule 56.1.
(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE:  Your initial disclosures should include electronically stored information to the extent otherwise required by this Order and Fed.R.Civ.P. 26(a)(1)(B).

The parties will serve initial disclosures 45 days after the filing of this joint preliminary report and discovery plan.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not anticipate the need for a discovery conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. **This case has been assigned to the eight month discovery track.**

Please state below the subjects on which discovery may be needed:

   a) Alleged infringement (or noninfringement), validity (or invalidity), and enforceability (or unenforceability, including inequitable conduct) of the '829 patent;
   b) Defendants' equitable defenses of laches, estoppel and acquiescence;
   c) Alleged protectability of the PurseN trade dress;
   d) Secondary meaning, or lack thereof, of the PurseN trade dress;
   e) Alleged copying of the PurseN Organizer;
   f) Plaintiff's alleged damages and claim for injunctive relief; and
   g) Other issues related to Defendants' counterclaims and affirmative defenses, if any are asserted.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Although the parties presently anticipate that they will conclude discovery within the time allowed by the assigned discovery track, Defendants contend that this case involves an unusually large number of claims and defenses which may require additional time to complete discovery.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

<u>Service by E-mail.</u>  The parties agree that documents that are served on other parties, but are not filed with the Court, may be served by electronic mail.  When service is made by electronic mail, three days are added to the prescribed response time, except for the deadlines specified in paragraph 10, above.

<u>Privilege Logs.</u>  No party is obligated to identify on its privilege log any privileged or work product documents that were generated after the filing of this lawsuit.  Nothing in this provision affects or changes a party's ability to challenge any party's right to withhold any document based on attorney-client privilege and/or work product protections.

<u>Expert Discovery Limitations.</u>  The parties agree that all communications between counsel and any expert providing a report shall be excluded from

8

discovery. Expert discovery shall be limited to production of the expert's report, documents relied upon by the expert, and a deposition. Any demonstrative exhibits to be used by the expert at trial or any hearing shall be provided to opposing counsel three (3) days before use.

The parties stipulate, pursuant to LPR 1.2(c), that this Court's Local Patent Rule deadlines be modified as follows:

| Close of Fact Discovery | 60 days after Markman Order |
| --- | --- |
| Initial Expert Reports on Issues for which Party has Burden of Proof | 90 days after Markman Order |
| Rebuttal Reports | 120 days after Markman Order |
| Reply Reports | 135 days after Markman Order |
| Close of Expert Discovery | 37 days after service of Reply Reports |

**The parties anticipate presenting a stipulated protective order to the Court.**

(b) Is any party seeking discovery of electronically stored information?

__X___ Yes              _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

9

The parties have agreed to the terms of the Model Order Regarding E-Discovery in Patent Cases published by the United States Court of Appeals for the Federal Circuit (the "Model Order").  A copy of the Model Order is attached hereto as **Exhibit A** and expressly incorporated herein.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Generally, all document production will be electronic, in PDF format, via CD, DVD, e-mail, secure Internet download or other practical means, depending on the size, sensitivity and timing of the production.  The parties anticipate that some ESI, such as spreadsheets, image and video files, PowerPoint presentations and the like, may require production in native format, and the parties agree to cooperate in producing such ESI in a reasonable and useful manner.  All responsive native files shall be produced with a Bates-stamped placeholder image and shall include a document-level Bates identifier at the beginning of the filename.  All responsive native files shall be sequenced within the PDF production in the order maintained in the ordinary course of business.

The parties agree that the production of metadata shall be governed by the Model Order.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None, other than the stipulated protective order noted in section 11(a), above.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on February 8, 2013, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): /s/*Daniel A. Kent*

Other participants: None

For defendant: Lead counsel (signature): /s/*Terry L. Clark*

Other participants: Brian R. Iverson

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__) A possibility of settlement before discovery.
( X ) A possibility of settlement after discovery.
(__) A possibility of settlement, but a conference with the judge is needed.
(__) No possibility of settlement.

11

(c)     Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is not yet determined.

(d)     The following specific problems have created a hindrance to settlement of this case.

None.

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20___.

(b)     The parties (__X___) do not consent to having this case tried before a magistrate judge of this Court.

*Signatures on Next Page*

This 22nd day of February, 2013.

/s/*Daniel A. Kent*  
Counsel for Plaintiff

Daniel A. Kent  
 Georgia Bar Number 415110  
KENT LAW, P.C.  
555 N Point Ctr E Ste 400  
Alpharetta, GA 30022  
Tel:  (404) 585-4214  
E-mail:  dan@kentiplit.com

/s/*Ann G. Fort (w/permission)*  
Counsel for Defendant

Ann G. Fort (Ga. Bar No. 269995)  
SUTHERLAND ASBILL &  
BRENNAN LLP  
999 Peachtree Street NE, Suite 2300  
Atlanta, Georgia 30309  
Telephone: (404) 853-8000  
Email: ann.fort@sutherland.com

Terry L. Clark  
 (pro hac vice motion to be filed)  
BASS, BERRY & SIMS, PLC  
1201 Pennsylvania Avenue NW, Suite 301  
Washington, D.C. 20004  
Tel: (202) 827-2951  
Email: tclark@bassberry.com

Brian R. Iverson  
 (pro hac vice motion to be filed)  
BASS, BERRY & SIMS, PLC  
150 Third Avenue South, Suite 2800  
Nashville, TN  37201  
Tel: (615) 742-7918  
Email: biverson@bassberry.com

* * * * * * * * * * * * *

SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

IT IS SO ORDERED, this \_\_\_\_\_ day of _____, 20\_\_\_.

_____
UNITED STATES DISTRICT JUDGE